**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| JUAN CARLOS LANDEROS QUINTERO, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations, | ) | No. 2:26-cv-02511-SHL-cgc |
| Respondent. | ) | |

**ORDER GRANTING PETITION**

Before the Court is Petitioner Juan Carlos Landeros Quintero's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed May 4, 2026.  (ECF No. 1.)  Landeros Quintero challenges his "indefinite detention" in the West Tennessee Detention Facility "without a meaningful custody review."  (Id. at PageID 3.)  He seeks immediate release from Respondent's custody.  (Id. at PageID 7.)  Respondent concedes that the Sixth Circuit's holding in Lopez-Campos v. Raycraft, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026), "controls the outcome of this matter."  (ECF No. 12 at PageID 52.)[1]

_____

[1] Nevertheless, Respondent "maintains that the Court should require Petitioner to exhaust his administrative remedies."  (ECF No. 12 at PageID 53 n.1 (citing McCarthy v. Madigan, 503 U.S. 140, 144 (1992)).)  However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. Department of Homeland Security, No. 26-cv-02224, ECF No. 15 at PageID 88–90 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**.  The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because there is no indication that Petitioner can seek meaningful and timely administrative relief.  McCarthy, 503 U.S. at 144 (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Contreras-Lomeli v. Raycraft, No. 25-cv-12826, 2025 WL 2976739, at *3 (E.D. Mich. Oct. 21, 2025) ("Bond denial appeals 'typically take six months or more to be resolved at the BIA.'").

### BACKGROUND

Landeros Quintero entered the United States on March 14, 2024, near Sasabe, Arizona, and has remained in this country ever since.  (ECF Nos. 1 at PageID 2; 8 at PageID 17.)  He has a wife and a three-year-old child present in the United States.  (ECF No. 1 at PageID 3.)  He has no criminal history.  (ECF No. 8-2 at PageID 33.)  On February 27, 2026, he was detained during an office check-in due to "violation of compliance from the ATD program."  (ECF No. 8 at PageID 17.)

### ANALYSIS

Landeros Quintero challenges his "indefinite detention" in the West Tennessee Detention Facility "without a meaningful custody review."  (ECF No. 1 at PageID 3.)  He seeks immediate release from Respondent's custody.  (Id. at PageID 7.)

Respondent concedes that the Sixth Circuit's holding in Lopez-Campos, 2026 WL 1283891, "controls the outcome of this matter."  (ECF No. 12 at PageID 52.)  That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not actively 'seeking admission.'"  (Id. (citing Lopez-Campos, 2026 WL 1283891, at *11).)  Although Respondent reserves the right to appeal Lopez-Campos, he acknowledges that it binds this Court.  (Id. at PageID 52–53.)  He contends, however, that "if the Court does not first require exhaustion, the Court should order that Petitioner be provided a custody redetermination hearing within 10 business days, and if that does not occur, Petitioner should be released from custody."  (Id. at PageID 53.)

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 2026 WL 1283891, at *13.  His detention without bond violated that liberty interest, which cannot be casually tossed aside.  Thus, he is entitled to immediate release.  See

Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, 2026 WL 401204, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**.  Respondent is ordered to release Petitioner immediately.  Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 18th day of May, 2026.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

3